**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Alexie Perez

        v.                              Civil No. 14-cv-492-LM

Richard Gerry, Warden,
New Hampshire State Prison et al.[1]


**REPORT AND RECOMMENDATION**


        Before the court is New Hampshire State Prison ("NHSP")

inmate Alexie Perez's original complaint (doc. no. 1) and

complaint addenda he has filed (doc. nos. 6, 7, 9, 15, 16, and

18-21), which allege that defendants violated his Eighth

Amendment and state law rights to receive adequate medical care

while incarcerated.  The complaint and complaint addenda are

before the court for preliminary review pursuant to 28 U.S.C.

§ 1915A(a) and LR 4.3(d)(1).  Also before the court is Perez's

request for preliminary injunctive relief, contained within the

initial complaint (doc. no. 1), which has been referred to this

Magistrate Judge for consideration and a recommendation as to

_____

        [1]Perez names the following defendants to this action: New
Hampshire State Prison ("NHSP") Warden Richard Gerry, NHSP
physician Celia Englander, NHSP Nurses Bill Porter and William
Porritt, NHSP Medical Director Helen Hanks, NHSP Medical
Supervisor and Administrative Coordinator Cindy Chapman, and
NHSP Investigator Andrew N. Newcomb.

disposition.

## Background

I.  **Hernia Issues**

Alexie Perez, while an inmate at the NHSP, had surgery to
repair a hernia on August 5, 2013, at the Catholic Medical
Center ("CMC").  Perez's surgeon directed that, upon returning
to the NHSP, Perez should be housed at the NHSP's Health
Services Center ("HSC").  When Perez returned to the NHSP, he
was initially held at the HSC, but, after four days, was
transferred to the NHSP Close Custody Unit ("CCU").  While he
was housed in the CCU, Perez was taken to the HSC for daily
wound dressing changes.

On August 30, 2013, when Perez was at CMC for a follow-up
appointment, the physician there found that two of his internal
stitches had broken, causing internal bleeding, and that his
wound was infected.  The CMC doctor directed that Perez be
housed at the HSC and have daily wound dressing changes.  When
he returned to NHSP, Perez was not housed in the HSC because he
had previously asked a nurse for her phone number, warranting
placement in the CCU.  Perez continued to be taken to the HSC
for daily dressing changes.

On September 12, 2013, Perez returned to the CMC for another follow-up appointment.  On that occasion, the physician again directed that Perez be housed in the HSC upon returning to the NHSP due to the fact that Perez had an infection and was not healing properly.  Perez was thereafter housed at the HSC.

## II.  <u>September 7, 2013, Incident</u>

On September 7, 2013, Perez was at the HSC for a daily dressing change when Nurse William Porritt, noticed what appeared to be dried skin near Perez's wound.  Although Perez said that he did not want it cut off, Porritt cut the skin off, using scissors Perez claims were not sterilized.  Perez states that Porritt's actions caused him a lot of pain and bleeding. Porritt cleaned and re-dressed the wound.

## III. <u>Lip</u>

Perez also alleges that in February 2014, he complained to Chapman that he had been suffering from MRSA on his lip for three days, that the infection was "eating through his skin," causing him pain, and had a foul odor.  On February 14, 2014, Chapman told Perez that he was already on antibiotics, but that he should report to sick call for an assessment of his lip issues.

**IV.   <u>Gastrointestinal Issues</u>**

Perez sates that on November 19, 2014, he complained to Dr. Celia Englander, a physician at NHSP, that he had blood in his stool and gastrointestinal pain.  Perez was directed to provide a stool sample and was given x-rays.  Dr. Englander later told Perez that his x-ray was normal, but that because his stool sample was positive for blood, she was ordering a colonoscopy.

<b><u>Discussion</u></b>

**I.   <u>Preliminary Review</u>**

    A.   <u>Standard</u>

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

    B.   <u>Medical Care Claims</u>

        1.   <u>Eighth Amendment Claims</u>

Perez alleges that defendants provided him with inadequate

4

medical care to treat his serious medical needs.  To assert an
Eighth Amendment claim based on inadequate medical care, the
plaintiff must establish that the deprivation was, objectively,
"sufficiently serious," and must also show that,
"[s]ubjectively, . . . that prison officials possessed a
sufficiently culpable state of mind, namely one of 'deliberate
indifference' to an inmate's health or safety."  Perry v. Roy,
___ F.3d ___, No. 14-1466, 2015 U.S. App. LEXIS 5403, *9 (1st
Cir. Apr. 3, 2015) (internal quotation marks and citations
omitted).  "'To demonstrate deliberate indifference a plaintiff
must show (1) a grave risk of harm, (2) the defendant's actual
or constructive knowledge of that risk, and (3) his failure to
take easily available measures to address the risk.'"  Penn v.
Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted),
cert. denied, No. 14-709, 2015 U.S. LEXIS 2493, *1 (Apr. 3,
2015).  Deliberate indifference is not demonstrated "where the
dispute concerns not the absence of help, but the choice of a
certain course of treatment."  Kosilek v. Spencer, 774 F.3d 63,
92 (1st Cir. 2014) (internal quotation marks and citation
omitted), pet. for cert. filed, No. 14-1120 (U.S. Mar. 16,
2015).

5

a.   **Hernia**

Perez's need for post-surgical care of a wound suffices to allege that Perez had a serious medical need.  Perez's allegations, however, are insufficient to show that any defendant was deliberately indifferent to those needs.  The fact that Perez was placed in the CCU, and not the HSC as directed by his non-prison doctor only demonstrates a difference of opinion between the CMC doctor and prison officials as to where Perez should be housed in the post-surgical period.  Perez does not assert facts to show that any defendant failed to change his dressing daily in the post-surgical period while he was in CCU; failed to provide him with medication as prescribed at that time; or was aware that housing Perez in the CCU, and bringing him to the HSU for daily dressing changes, could present a substantial risk of serious harm to Perez.

Perez's allegations that, at follow-up appointments, the CMC doctor stated that two of Perez's internal stitches were broken, that his wound was infected, and that it was not healing properly, does not, without more, demonstrate that defendants were subjectively aware of any substantial risk of serious harm to Perez, relating to his placement in CCU or to any other aspect of his post-surgical care, that they did not take

6

reasonable steps to alleviate.  Accordingly, Perez has failed to state facts to support a deliberate indifference claim related to his post-surgical care, and those claims should be dismissed.

        **b.**    **Remaining Inadequate Medical Care Claims**

Perez's allegations regarding the September 7 incident are that a nurse cut off what the nurse believed to be dry skin from the area near Perez's incision, causing Perez pain and bleeding, and that the nurse immediately responded to the bleeding.  The fact that Perez did not want his skin cut does not give rise to a reasonable inference that the nurse was acting with deliberate indifference to Perez's medical needs, and there are no facts alleged regarding that incident that suggest any relationship between the nurse's conduct and the complications noted by the CMC doctor in the post-surgical follow-up appointments.

While Perez's assertions that he had both MRSA on his lip and blood in his stool are sufficient to allege serious medical needs, Perez does not indicate that any defendant who was aware that Perez was complaining of those conditions failed to treat him or otherwise acted with deliberate indifference to those conditions.  Perez's assertions as to these matters demonstrate only that Perez may not have received his first choice of treatment for these medical issues, not that any defendant knew

7

of and disregarded any particular risk posed to Perez's health and safety.  Accordingly, Perez fails to state an Eighth Amendment claim related to the September 7 incident, the infection on his lip, or gastrointestinal problems.

### 2.   State Law Claims

Perez asserts that his complaints concerning his medical care at the NHSP, in addition to violating his Eighth Amendment rights, constitute medical malpractice under state tort law.  If the district judge accepts this Report and Recommendation, and dismisses the Eighth Amendment claims alleged, the district judge should also decline to exercise supplemental jurisdiction over the state law claims, see 28 U.S.C. § 1367(c)(2), and should dismiss those claims without prejudice.

## II.  **Preliminary Injunction**

In his complaint, Perez seeks preliminary injunctive relief by asking the court to direct the defendants to provide him with specific medical referrals, care, and treatment.  Among other things, Perez must demonstrate that he is likely to succeed on the merits of his claims, in order to obtain preliminary injunctive relief.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest,"

preliminary injunctive relief is properly denied without further analysis). Because Perez has failed to state a claim upon which relief may be granted, Perez has not demonstrated that he is likely to succeed on the merits of his claims. Accordingly, his request for preliminary injunctive relief should be denied.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss the Eighth Amendment claims from this action, and should decline to exercise supplemental jurisdiction over the state law claims asserted, without prejudice to Perez's ability to raise those state law claims in state court. Further, the district judge should deny Perez's request for injunctive relief, as he has not demonstrated a likelihood of success on the merits of his underlying claims.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 21, 2015

cc:  Alexie Perez, pro se

10